UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARELIOUS RAY REED,

    Plaintiff,

v.                                                     Case No. 12-cv-10085
                                                     Paul D. Borman
                                                     United States District Judge

45B JUDICIAL DISTRICT COURT,

    Defendant.

_____/

**ORDER (1) GRANTING PLAINTIFF'S APPLICATION TO PROCEED
WITHOUT PREPAYMENT OF FEES (Dkt. No. 2), (2) DENYING PLAINTIFF'S
APPLICATION FOR APPOINTMENT OF COUNSEL (Dkt. No. 3), and
(3) DISMISSING CLAIMS**

Arelious Ray Reed ("Plaintiff"), proceeding *pro se*, filed a Complaint in this Court on January 9, 2012, alleging that he was falsely arrested and falsely accused of criminal charges by the 45B Judicial District Court ("Defendant") in Oakland County, Michigan. (Dkt. No. 1.) Plaintiff claims that he spent 30 days in jail and lost his job as a result. Plaintiff claims $10,800,000 in damages. Now before the Court are Plaintiff's Application to Proceed In Forma Pauperis (Dkt. No. 2) and Application for Appointment of Counsel (Dkt. No. 3).

## I. ANALYSIS

**A. Application to Proceed In Forma Pauperis**

In forma pauperis status is reserved for indigent parties who are unable to pay or give security for filing fees in this Court. *See* 28 U.S.C. § 1915(a)(1). Plaintiff's affidavit reflects that he is

1

employed and receives a salary of $1,600, and that he has $130 in his checking account. Plaintiff's Complaint, on the other hand, claims that Plaintiff lost his job due to his alleged false arrest and subsequent prosecution. However, the Court will grant Plaintiff's Application to Proceed In Forma Pauperis for the limited purpose of reviewing the Complaint pursuant to § 1915(e)(2)(B).

In cases where a plaintiff has filed an application to proceed without prepayment of fees, the Court must consider, pursuant to 28 U.S.C. § 1915(e)(2)(B), whether the action is frivolous or fails to state a claim upon which relief can be granted. Dismissal is appropriate where "the claim is based on an indisputably meritless legal theory[.]" *Wilson v. Yaklich*, 148 F.3d 596, 600 (6th Cir. 1998).

In *Pucci v. Nineteenth District Court*, 628 F.3d 752 (6th Cir. 2010), the Sixth Circuit held as follows: "The Nineteenth District Court (as with Michigan trial-level district courts generally) is entitled to the immunity protections of the Eleventh Amendment, and all federal claims against it must be dismissed." *Id.* at 764.

The only Defendant named in the Complaint is the 45B Judicial District Court, which is a Michigan trial-level district court. Accordingly, pursuant to the Sixth Circuit's holding in *Pucci*, Defendant is entitled to sovereign immunity under the Eleventh Amendment. Plaintiff's Complaint thus fails to state a claim upon which relief can be granted and will be dismissed.

B. **Application for Appointment of Counsel**

The Court will also deny Plaintiff's Application for Appointment of Counsel. *See Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993) (noting that appointment of counsel in a civil case "is not appropriate when a *pro se* litigant's claims are frivolous, or when the chances of success are extremely slim.") (citations omitted).

## II. CONCLUSION

For the reasons stated above, the Court will:

(1) **GRANT** Plaintiff's Application to Proceed In Forma Pauperis;

(2) **DENY** Plaintiff's Application for Appointment of Counsel; and

(3) **DISMISS** the Complaint **WITH PREJUDICE**.

**SO ORDERED.**

PAUL D. BORMAN
UNITED STATES DISTRICT COURT JUDGE

Dated: 1-30-12
Detroit, Michigan